IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MAE NELL THOMAS, <br> PLAINTIFF, | * | |
| | * | CIVIL ACTION FILE NO: |
| v. | * | 4:14-cv-50 (CDL) |
| NEW MERCY COMMUNITY <br> LIVING ARANGEMENT <br> INCORPORATED and <br> MICKINA BERSHELLE BROOKS <br> DEFENDANTS | * <br><br> * <br><br> * | JURY TRIAL DEMANDED |

# COMPLAINT

## INTRODUCTION

COMES NOW Plaintiff in the above styled matter and files this Complaint for damages, and in support of this Complaint shows the Court as follows, to wit:

1.

Plaintiff Mae Nell Thomas, by and through the undersigned counsel, brings this Complaint against Defendants New Mercy Community Living Arangement,[1] Incorporated ("NMLA") and Mickina Bershelle Brooks ("Brooks") and pleads as follows:

---

[1] (sic)

## SUMMARY OF ACTION

2.

This is an action for damages against Defendants arising under the Fair Labor Standards Act of 1938, as amended. 29 USC §§ 201, et seq. ("FLSA") to recover due, but unpaid, overtime compensation and an additional amount as liquidated damages and to be reimbursed for her costs of litigation, including her reasonable attorney's fees.

3.

Plaintiff was an hourly, non-exempt employee of Defendants and brings this action under the FLSA for unpaid overtime that accrued during the period of her employment with the same.

## JURISDICTION

4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. §216(b), 28 U. S.C §§1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

5.

Venue properly lies in the Middle District of Georgia, Columbus Division, under 28 U.S.C. §1391 because NMLA is located in this judicial district, its

registered office and agent may be found here; and all the events giving rise to the claims herein arose in this judicial district.

## PARTIES

6.

Plaintiff in this case is a female citizen of the United States and of the State of Georgia. For purposes of this action, she submits herself to the jurisdiction of the Court.

7.

Plaintiff was employed by Defendants from early February, 2013 until July 23, 2013. This makes a total of 22 weeks in Defendants' employ, rounded down.

8.

At all times relevant to this suit, Plaintiff has been an "employee" of NMLA as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

At all times material hereto, Plaintiff has been "engaged in commerce" as an employee of NMLA as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

At all times material hereto, NMLA has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

At all times material hereto, NMLA was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2013, NMLA had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2013, NMLA had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

14.

During 2013 NMLA had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

15.

At all times material hereto, NMLA was an "enterprise engaged in commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

16.

Defendant NMLA in this case is a DOMESTIC corporation with its principal place of business located at 2 Braddock Court, Columbus, GA 31907. Defendant NMLA may be served with process at the office of its registered agent for service of process: NEW MERCY COMMUNITY LIVING ARANGEMENT,[2] INCORPORATED, c/o Registered Agent, MICKINA BERSHELLE BROOKS, #2 Braddock Court, Columbus, GA 31907.

17.

NMLA is subject to the personal jurisdiction of this Court.

18.

Mickina Bershelle Brooks is the Chief Executive Officer of NMLA, and sets the policies and procedures regarding employee compensation, she is responsible for the misclassification of hourly/non-exempt employees such that neither she, nor her company, will have to pay overtime that is otherwise required and authorized pursuant to law. She is an employer as defined by the FLSA. Defendant Brooks may be served with process at the location of NMLA, 2 Braddock Court, Columbus, GA 31907.

19.

At all times material hereto, Brooks exercised operational control over the work activities of Plaintiff.

20.

At all times material hereto, Brooks was involved in the day to day operation of NMLA.

21.

At all times material hereto, NMLA vested Brooks with supervisory authority over Plaintiff.

22.

At all times material hereto, Brooks exercised supervisory authority over Plaintiff.

23.

At all times material hereto, Brooks, or agents with her authority, scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

24.

At all times material hereto, Brooks exercised authority and supervision over Plaintiff's compensation.

---

[2] (sic)

25.

At all times material hereto, Brooks has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

26.

Brooks is subject to the personal jurisdiction of this Court.

27.

At all times material hereto, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

28.

At all times material hereto, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

29.

At all times material hereto, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

30.

At all times material hereto, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

31.

At all times material hereto, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

## THEORIES OF RECOVERY

## COUNT I — FAILURE TO PAY OVERTIME

32.

During the course of Plaintiff's employment with Defendants she was paid a salary of $650.00 per week in straight time. As a result, her total pay for twenty two weeks was $14,300.00. However, this remuneration did not contemplate the overtime that she worked, as set out herein below.

33.

Plaintiff normally worked from 10 pm until 9 am (11 hours a day) for 7 days per week, Monday through Sunday during the entire period of her employment with Defendants. As a result, Plaintiff would accrue no less than 37 hours per week of overtime for which she was not compensated. Plaintiff was expected to maintain these hours each week. This means that for 5 days a week she accrued 3 hours per day of overtime and for 2 days of the week she accrued 11 hours per day of overtime. This is expressed as follows:

(5 days x 3 hrs per day) + (2 days x 11 hrs per day) = 37 hrs per wk overtime.

34.

Plaintiff was a non-exempt hourly worker, yet she was not compensated for the 37 hours per week of overtime for which she worked while in Defendants' employ.

35.

Plaintiff made a total of $14,300 without considering any overtime. Plaintiff worked approximately 77 hours per week for that sum; from a weekly standpoint, then, Plaintiff grossed $650/week. This is expressed as follows:

$650.00 / 40 hours = $16.25/hr.

36.

Because Defendants misclassified Plaintiff as a salaried, exempt employee, when, in fact, she was actually an hourly, non-exempt employee, Plaintiff was entitled to overtime compensation at a rate that is one and one/half (1 ½) times her normal hourly rate. This is expressed as follows:

$16.25/hr. x 1.5 = $24.38/hr. for her overtime hours.

37.

As set out above and rounding down, Plaintiff was in Defendants' employ for 22 weeks. During each of those 22 weeks she worked at least 37 hours of overtime for which she was not compensated at the legally mandated rate of 1.5 times her normal hourly wage.

38.

Because she was a non-exempt, hourly employee and not properly an exempt, salaried employee, Plaintiff should have been compensated for the 37 hours of overtime she worked each week at the rate of $24.38/per hour for the 22 weeks she worked for Defendants. This is expressed as follows:

37 hrs. per wk. x $24.38 per hr. x 22 wks. = $19,841.25 in unpaid overtime.

39.

As a result of Defendants' failure to properly pay Plaintiff her overtime wages in accordance with the law, Plaintiff is entitled to liquidated damages under the FLSA, said liquidated damages being equal to the amount of the unpaid overtime wages due and owing, in addition to the unpaid overtime wages. This is expressed as follows:

$19,841.25 x 2 (Liq. Dam. multiplier under FLSA) = $39,682.50.

40.

Plaintiff is also entitled to attorney's fees and costs under the FLSA, which are an amount to be determined as litigation progresses.

41.

Plaintiff's job description while in the employ of Defendants did not set out duties for which she would otherwise be declared exempt.

42.

Plaintiff's job duties on a normal business day consisted of, inter alia: taking care care of elderly, disabled and bedridden patients in a group home "Community living arrangement" environment selected by Defendants, bathing the patients, feeding patients, and doing light house duties such as light mopping, sweeping, taking the trash out, washing dishes and the like.

43.

As none of Plaintiff's duties entailed performance of domestic services in private residences of patients, none of Plaintiff's duties with Defendants would bring her within the ambit of a recognized legal exemption to the requirement that she be paid minimum wage and overtime; therefore by failing to pay Plaintiff for overtime that she worked, Defendants are in violation of the FLSA. Plaintiff is entitled to her litigation costs, including reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT II---ATTORNEY'S FEES AND EXPENSES**

44.

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

45.

Plaintiff is entitled to the costs and expenses associated with bringing and prosecuting this action, to include attorney's fees, pursuant to applicable law as contained within, and applicable to, the statutory causes of action contained herein above.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays as follows:

a)   that Summons issue and Defendants be served as by law provided;

b)   that Plaintiff be awarded judgment in her favor with respect to all contentions in her Complaint;

c)   that Plaintiff be awarded actual and liquidated damages as proven at trial;

d)   that Plaintiff be awarded reasonable attorney's fees and expenses of litigation;

e)   that all issues triable by jury be tried by a jury;

f)   that all costs of this action be taxed to Defendants; and

g)   for such other and further relief as unto this Court may seem just and equitable in the premises.

This 25th day of February, 2014.

/S/John W. Roper
John W. Roper

The Roper Law Firm
5353 Veterans Parkway, Suite D
Columbus, Georgia 31904
(706) 596-5353
johnroper@roperlaw.com
Georgia Bar No: 614159

## VERIFICATION

**PERSONALLY APPEARED** before the undersigned officer authorized to administer oaths in and for said County and State, the undersigned party litigant, who being duly sworn and put to oath, does depose and say that the allegations made in the above foregoing pleading are true and correct to the best of the party's knowledge and belief.

This 25th day of February 2014.

_Mae Nell Thomas_
MAE NELL THOMAS

Sworn to and subscribed before me
this 25 day of February 2014.

_Tracy D. Roper_
Notary Public, State of Georgia
My commission expires: 2/11/2018